UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **DAVID WILLIAM SUNDAY** | **DOCKET NO.  6:06-CR-60082** |
| **VERSUS** | **JUDGE DOHERTY** |
| **UNITED STATES OF AMERICA** | **MAGISTRATE JUDGE HANNA** |

### REPORT AND RECOMMENDATION

David William Sunday filed the instant Motion to Vacate Sentence pursuant to 28 U.S.C. §2255 on September 1, 2010.  He attacks the conviction and sentence imposed in this Court following an October 19, 2007, guilty plea to use, carrying, and brandishing of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. §924(c)(1)(A)(iii).

For the following reasons, it is recommended that the motion be denied.

*Procedural Background*

On November 16, 2006, David Sunday was charged in a four count indictment with Possession of More than Five (5) Grams of Cocaine Base, also known as "Crack," in violation of 21 U.S.C. § 844(a); Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(g)(1); Use, Carrying and Brandishing of Firearm During and in Relation to Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A)(iii); and Forfeiture, 18 U.S.C. § 924(d)(1).[1]

Pursuant to a plea agreement, Petitioner waived indictment and pleaded guilty to a Bill

---

[1] Rec. Doc. 1.

of Information charging him with one count of using, carrying and brandishing a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. §924(c)(1)(A)(iii).[2] Specifically, the bill charged that Petitioner knowingly used, carried, and brandished a shotgun during and in relation to a drug-trafficking crime for which he may be prosecuted in a court of the United States, namely, the possession of cocaine base in the rock-like form, after he was previously convicted of possession of cocaine in the 14th Judicial District Court under 21 U.S.C. §844(a), all in violation of 18 U.S.C. §924(c)(1)(A).

On January 8, 2008, Petitioner's court-appointed attorney, Wayne Blanchard, filed a motion to withdraw[3], which was granted on February 13, 2008[4]. The Court then appointed attorney Gerald Block to represent Petitioner.[5]

On June 24, 2008, the Court found that a gun was discharged during the commission of the crime, Petitioner was sentenced to the statutory minimum of ten years of imprisonment, five years of supervised release, and a $100.00 special assessment.[6] Petitioner timely filed a notice of appeal.[7]

---

[2] Rec. Docs. 30, 33.

[3] Rec. Doc. 34.

[4] Rec. Doc. 41.

[5] Rec. Doc. 41.

[6] Rec. Docs. 47, 50.

[7] Rec. Doc. 51.

Thereafter, Gerald Block filed a motion to withdraw as counsel.[8] The motion was granted on July 23, 2008.[9]

On July 30, 2008, attorney Christopher Aberle accepted appointment to represent Petitioner on appeal.[10] Petitioner, through counsel, filed a brief in the Fifth Circuit challenging his sentence on the ground that the ten year minimum sentence for the discharge of a weapon[11] should not be triggered by a purely accidental discharge. The Fifth Circuit suspended the briefing schedule while the Supreme Court considered this exact issue in *Dean v. United States*.[12] On April 29, 2009, the Supreme Court decided *Dean* and ruled that even an *accidental* discharge of a weapon *is* sufficient to trigger the mandatory ten-year minimum sentence.[13] Because the ruling rendered Sunday's sole argument on appeal moot, Aberle filed a motion to withdraw the brief. Aberle also filed an *Anders* brief with the Court, stating that there were no other non-frivolous issues to raise on appeal. Petitioner filed a pro se response to the *Anders* brief; however, Petitioner subsequently filed a "Motion to Strike Pro Se Response & Authorization to Dismiss Appeal."[14] On October 14, 2009, Petitioner's

---

[8] Rec. Doc. 53.

[9] Rec. Doc. 54.

[10] Rec. Doc. 56.

[11] 18 U.S.C. § 924(c)(1)(A)(iii).

[12] 129 S.Ct. 1849, 1853-1856 (2009).

[13] *Id.*

[14] *USA v. Sunday*, 5th Cir. Docket #08-30685.

motion was granted, and his appeal was dismissed.[15]

On September 1, 2010, Petitioner filed the §2255 motion that is presently before the Court.[16]

### *Statement of Facts*

The stipulated factual basis for the guilty plea provides:

"On August 17, 2005, the defendant, DAVID WILLIAM SUNDAY (hereinafter "SUNDAY"), paid a woman money to purchase a quantity of cocaine base ("crack") at a motel in Lake Charles, Louisiana. The woman left, apparently to go obtain crack for SUNDAY, but did not promptly return. Later that day, Sunday confronted the woman about his crack order, and after some discussion, she provided SUNDAY a quantity of cocaine. The woman and Sunday immediately disagreed over the price, quantity and timeliness of her delivery of the crack. The woman left SUNDAY in possession of a quantity of crack, with the terms of the crack transaction were [sic] in dispute.

Later that same date, the woman and her male companion confronted SUNDAY about the crack transaction, demanding that SUNDAY comply with their terms. Under the circumstances, SUNDAY believed that the couple intended to harm him if he did not comply with their demands. Sunday also believed that the man might be armed, so Sunday left in a pick up truck.

The couple followed SUNDAY in a second vehicle. At one point SUNDAY believed that the couple might cause an accident by ramming their vehicle into his vehicle, so Sunday brandished a shotgut out of the driver's window of his vehicle as the couple followed him. The weapon discharged in the process, causing some damage to the inside of the bed of SUNDAY'S pickup truck, and some damage to the upright tailgate of the truck.

The shotgun was a Mossberg pump-action 12-guage, which belonged to Sunday's stepfather. SUNDAY obtained the shotgun from his mother's house in order to have the weapon available for security purposes, or other contingencies, should the need arise in connection with the series of events surrounding his crack transaction with the woman, as well as the resolution of any disputed terms of the crack transaction.

---

[15] Rec. Doc. 65.

[16] Rec. Doc. 67.

4

> Sunday was previously convicted of possession of cocaine in the 14th Judicial District Court in and for Calcasieu Parish under Docket No. 13846-04, which was a final felony drug or narcotic conviction under Louisiana law before August 17, 2005."[17]

### *Issues Presented*

Petitioner raises ineffective assistance of counsel claims as to each of the three attorneys who represented him in this District Court and the Fifth Circuit Court of Appeals. He claims that Attorneys Blanchard and Block were ineffective for failing to advise him of a potential affirmative defense to the Section 924(c)(1)(A)(iii) charge and for misadvising him regarding the possible penalties for a 924(c)(1)(A)(iii) conviction. He claims that Attorney Aberle was ineffective for failing to pursue the issues on appeal.

### *Law and Analysis*

1. ***Scope of Review***

A federal prisoner may move to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. §2255 on one or more of the following grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255.

2. ***Ineffective Assistance of Counsel***

Under the standard articulated in *Strickland v. Washington*,[18] in order to establish that

---

[17] Rec. Doc. 33.

[18] 466 U.S. 668, 687 (1984).

5

Blanchard, Block, and/or Aberle rendered ineffective assistance of counsel, Petitioner must show that (1) the attorney's performance fell below an objective standard of reasonableness, <u>and</u> (2) Petitioner suffered prejudice as a result. To demonstrate prejudice, Petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different[19]; and, the likelihood of a different result must be substantial, not just conceivable[20]. A "reasonable probability" is a probability sufficient to undermine confidence in the outcome of the trial.[21] When a petitioner alleges that his guilty plea was the result of ineffective assistance of counsel, he must show that " 'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.' "[22] Thus, when a habeas petitioner collaterally attacks the validity of his guilty plea based on a claim of ineffective assistance of counsel, he must also establish that the outcome of the proceeding was unreliable or fundamentally unfair.[23]

---

[19]*Strickland*, 466 U.S. at 694, 104 S.Ct. 2052.

[20]*Harrington v. Richter,* 131 S.Ct. 770, 792 (2011)

[21]*Id.*

[22]*Bond v. Dretke*, 384 F.3d 166, 167-68 (5th Cir.2004) (citing *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)) (internal quotation marks omitted).

[23] *Armstead v. Scott*, 37 F.3d 202, 207 (5th Cir.1994), *cert. denied*, 514 U.S. 1071, 115 S.Ct. 1709, 131 L.Ed .2d 570 (1995); *see also Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993) (emphasizing that *Strickland's* prejudice prong requires the petitioner to demonstrate that "counsel's deficient performance caused the outcome to be unreliable or the proceeding to be fundamentally unfair").

### A. *Potential affirmative defense to 18 U.S.C. §924(c)(1)(A)*

Petitioner claims that attorneys Blanchard and Block failed to inform him that simple possession without intent to distribute is not a drug trafficking offense under Section 924(c)(1)(A). He also claims that the attorneys were ineffective for failing to raise the appropriate defense in the trial court or raise the issue on appeal.

First, Petitioner's claim regarding possession not being a drug trafficking crime in his case is incorrect.

Section 924(c)(1)(A) provides, in pertinent part:

> [A]ny person who, during and in relation to any crime of violence or ***drug trafficking crime*** ... for which the person ***may be prosecuted*** in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime-
> (i)  be sentenced to a term of imprisonment of not less than 5 years;
> (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
> (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

§924(c)(1)(A)(emphasis added). In order to obtain a conviction under 924(c)(1)(a), there must have been (1) a crime of violence *or drug trafficking crime* (2) for which Petitioner *may be prosecuted* in a court of the United States.

### *(1) Drug Trafficking Crime*

According to Section 924(c)(2), a "drug trafficking crime" is "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.)...."[24] The sentencing

---
[24] 18 U.S.C. §924(c)(2).

classification of 18 U.S.C. §3559(a) provides that a felony is a crime for which the maximum term of imprisonment authorized is *more than one year*. Therefore, if Petitioner would be subject to a sentence where the maximum possible penalty is more than one year, then his possession would be a felony under the Controlled Substances Act (the Act).

The relevant portion of the Controlled Substances Act regarding simple possession provides in pertinent part:

> "It shall be unlawful for any person knowingly or intentionally to possess a controlled substance....
>
> Any person who violates this subsection may be sentenced to a term of imprisonment of not more than 1 year...
>
> *except* that if he commits such offense after ... a prior conviction for any drug, narcotic, or chemical offense chargeable under the law of any State, has become final, he shall be sentenced to a term of imprisonment for not less than 15 days but not more than *2 years.*"[25]

According to the Controlled Substances Act, possession is generally subject to a maximum term of imprisonment of one year, and thus a misdemeanor.[26] ***However***, if the person has ***any*** prior drug conviction chargeable under the law ***of any State***, which has become final, then the ***maximum possible*** sentence is 2 years, and thus a felony.[27] In this case, Petitioner has a prior final conviction of possession of cocaine in the 14th Judicial District Court[28].

---

[25] 21 U.S.C. §844(a)(emphasis added).

[26] 18 U.S.C. §3559(a), Sentencing classification of offenses.

[27] Id.

[28] 14th JDC, Calcasieu Parish, Docket No. 13846-04; Rec. Doc. #59, p.18.

Petitioner argues that his Louisiana conviction, although a felony under Louisiana law, would only be a misdemeanor under the federal law; therefore, that conviction can not be used to enhance Petitioner's simple possession to a felony. The clear language of the statute provides otherwise. It only requires "a prior conviction for any drug ... offense chargeable under the law of any State." 21 U.S.C. § 844(a). Because of his prior state conviction, Petitioner would be subject to a maximum sentence of *two years,* which is a felony under the Controlled Substances Act (21 U.S.C. 801 et seq.). Thus, Petitioner's possession of crack cocaine on August 17, 2005,[29] does indeed fit the definition of a "drug trafficking crime" as defined by §924(c)(2).

### *(2)    For which Petitioner may be prosecuted in a court of the United States*

The plain language of §924(c)(1)(A) states that the crime must only be one for which a person *may have been prosecuted in a court of the United States.*[30] It is of no moment whether the person was actually prosecuted, convicted, or acquitted. The Fifth Circuit has recognized that the statute does not require an underlying conviction.[31] It is the "fact of the offense, and not a conviction, that is needed to establish the required predicate."[32] In this

---

[29] Rec. Doc. #33-2, Stipulated Factual Basis; Rec. Doc. #59, p.16-17, Plea Transcript.

[30] Petitioner could have been charged for possession under 21 U.S.C. §844(a). In fact, he was originally charged with possession under that title and section. However, that charge was dismissed pursuant to the plea agreement between the government and Petitioner. [Doc. #1, Indictment]

[31] *U.S. v. Ramos-Rodriguez,* 136 F.3d 465, 457 (5th Cir. 1998)(citing, 896 F.2d 908, 910-11 (5th Cir.), *cert. denied*, 498 U.S. 824, 111 S.Ct. 76, 112 L.Ed.2d 49 (1990)(drug charge contained in the indictment which had been dismissed); *see also United States v. Ruiz,* 986 F.2d 905, 911 (5th Cir.1993), *cert. denied* 540 U.S. 935, 124 S.Ct. 357 (2003)(

[32] *United States v. Munoz-Fabela,* 498 U.S. at 911.

case, the simple possession charged in the original indictment can serve as a predicate offense for §924(c)(1)(A).

Petitioner cites *Carachuri-Rosendo v. Holder*[33] in support of his contention that §924(c)(1)(A) does not apply to him. That case involved an appeal of the decision by the Board of Immigration that Mr. Carachuri-Rosendo was not eligible for discretionary cancellation of an order of removal. The Supreme Court noted the importance of not ignoring the text of the Immigration and Nationality Act (INA), which limited the Attorney General's cancellation power only when, *inter alia*, a noncitizen "has ... been **convicted** of a[n] aggravated felony."[34] The statute at issue in that case clearly contemplated a "conviction," which served as the starting place of"[t]he maze of statutory cross-references."[35] In the case before this Court, the text of the statute at issue refers to an offense for which the person *may be prosecuted* in a court of the United States.[36] Thus, the starting point of the maze of cross-references in this case is whether there was the possibility of prosecution, not whether there was a conviction.

Even if Petitioner could show that his attorneys' performance fell below an objective standard of reasonableness, of which there is no indication whatsoever, he could still not establish the prejudice required by *Strickland*. Petitioner did not have an affirmative defense

---

[33] 130 S.Ct. 2577 (2010).

[34] *Id., citing* 8 U.S.C. §1229b(a)(3)(emphasis added).

[35] *Id.* at 2581, 2586.

[36] 18 U.S.C. §924(c)(1)(a),

to the §924(c)(1)(A) charge; the elements of the crime were met. The failure of counsel to raise a meritless issue is not grounds for an ineffective assistance of counsel claim.[37]

### B.   *Possible penalties under §924(c)(1)(A)*

Next, Petitioner argues that his attorneys were ineffective for misadvising him regarding the possible penalties under 18 U.S.C. §924(c)(1)(a). A person who is in violation of §924(c)(1)(A) may be sentenced to a term of imprisonment of (i) not less than 5 years if he possesses the firearm, (ii) not less than 7 years if the firearm is brandished, and (iii) not less than 10 years if the firearm is discharged. Petitioner, who admitted to the firearm being discharged, claims that Attorney Blanchard informed him that the ten year mandatory minimum would only apply if the government could prove that the firearm was *intentionally* discharged. He claims that, had he known that the minimum penalty was ten years in his case, he would have gone to trial and rejected the plea deal.

At the plea hearing, the Court made sure that Petitioner understood that the maximum possible penalty, whether the gun was possessed, brandished or discharged, was life in prison. The Court noted "And if the Court finds that the firearm was discharged, not less than ten years, and in any event, the maximum jail term could be life...."[38] The "not less than..." language of subsections (i),(ii), and (iii) is meant to serve as the floor, not the ceiling, for sentences imposed thereunder.[39] Petitioner's 10 year sentence could have been imposed

---

[37] *Clark v. Collins,* 19 F.3d 959, 966 (5th Cir. 1994).

[38] Rec. Doc. #59, p.18 (emphasis added).

[39] *See U.S. v. Sias*, 227 F.3d 244, 247 (5th Cir. 2000).

under subsection (i), (ii), or (iii). Therefore, Petitioner could not show, per *Strickland,* a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. More importantly, per *Dean*, it is now settled that the subsection to which Petitioner pleaded guilty, 924(c)(1)(A)(iii), does not require proof of intent with regard to the discharge of the gun. The 10-year mandatory minimum applies if a gun is discharged in the course of a violent or drug trafficking crime, ***whether on purpose or by accident***.[40]

Additionally, Petitioner can not establish that, but for counsel's alleged errors, he would not have pleaded guilty and would have insisted on going to trial. If Petitioner had rejected the plea agreement and gone to trial on the four count indictment, he would have been facing, at a minimum, without consideration of his substantial criminal history,[41] up to two years for possession (Count 1), plus up to 10 years for felon in possession (Count 2), plus up to life imprisonment for the use, carrying and brandishing of a firearm during and in relation to a drug trafficking crime (Count 3). Also, at the time of his plea, Petitioner had companion charges pending in Lake Charles, Louisiana, which, per a verbal agreement between Attorney Blanchard, Petitioner, and the District Attorney, were to be dismissed after Petitioner was sentenced pursuant to his guilty plea.[42] Thus, had Petitioner rejected the guilty

---

[40] *Dean v. U.S.* 129 S.Ct. 1849, 1853-1856 (2009).

[41] Rec. Doc. #59, p.44 ("[Petitioner's criminal history] is extremely serious, Your Honor, and he has more failures to appear than anyone else that I have ever seen in 27 years of practicing law.")

[42] Rec. Doc. #59, p.40-41.

plea and gone to trial on the four count indictment, his state charges would not have been dropped.

In fact, were this Court to grant the §2255 motion, the government could reinstate the charges that were dismissed pursuant to the plea agreement.[43] "[W]hen [a] defendant repudiates the plea bargain, either by withdrawing the plea or by successfully challenging his conviction on appeal, there is no double jeopardy (or other) obstacle to restoring the relationship between defendant and state as it existed prior to the defunct bargain."[44] There is an abundance of evidence against him[45]; and, upon conviction, Petitioner could be sentenced to far more than ten years. Despite Petitioner's self-serving statement that he would have gone to trial had he known that the minimum sentence of imprisonment that he was facing was ten years instead of seven years, the fact is that by pleading guilty, Petitioner avoided the likely outcome of a much more severe federal sentence, plus a lengthy state sentence.[46] He simply cannot show that any action by his counsel caused the outcome of his case to be unreliable or the proceeding to be fundamentally unfair.

---

[43] *U.S. v. Moulder*, 141 F.3d 568 (5th Cir. 1998).

[44] Id., citing *Fransaw v. Lynaugh*, 810 F.2d 518, 524–25 (5th Cir.), *cert. denied*, 483 U.S. 1008, 107 S.Ct. 3237, 97 L.Ed.2d 742 (1987); *see also Hardwick v. Doolittle*, 558 F.2d 292, 301 (5th Cir. 1977), *cert. denied*, 434 U.S. 1049, 98 S.Ct. 897, 54 L.Ed.2d 801 (1978); *Harrington v. United States*, 444 F.2d 1190, 1194 (5th Cir.1971).

[45] Petitioner gave a statement to a law enforcement officer stating that he made an order for crack cocaine and paid for the crack, but was not immediately provided with the drugs. Eventually, he was given five rocks of crack cocaine, which Petitioner took without giving any more money. Petitioner left in his vehicle, and the person who provided him with drugs chased him and confronted him. Petitioner thought they had a gun, so he pulled out a shotgun for protection. Petitioner left, and the dealer continued to chase him. They bumped his vehicle from behind, so he fired a warning shot from the shotgun into the air. Rec. Doc. #59, p.54-55.

[46] Under Louisiana law, the minimum sentence for felon in possession of a firearm is ten years. La. R.S. 14:95.1.

### C. *Notice under 21 U.S.C. §851*

Petitioner argues that his attorney never informed him that the government needed to file a notice under 21 U.S.C.A. §851 in order for his possession of crack cocaine to be considered a §924(c)(1)(A) drug trafficking crime. He argues that his attorney should have objected to the government's failure to do so. First, the §851 notice is for the government to inform defendants of its decision *to seek a sentencing enhancement* and the prior convictions to be relied upon in the proposed enhancement.[47] The notification requirements of §851 are triggered only when the Government seeks to *enhance the maximum sentence* on the basis of prior substance offenses.[48] This statutory notice requirement does not apply, however, when sentencing is conducted under the guidelines and the defendant receives a sentence within the statutory range.[49] In this case, the government did not seek to enhance a maximum sentence. Petitioner's ineffective assistance claim as to §851 should be dismissed because, as noted previously, the failure to raise a meritless issue is not grounds for ineffective assistance of counsel.[50]

---

[47] *United States v. Noland*, 495 F.2d 529, 532-33 (5th Cir.1974).

[48] *U.S. v. Vargas,* 245 F.3d 790 (Table)(5th Cir. 2000)*; citing United States v. Marshall*, 910 F.2d 1241, 1245 (5th Cir.1990).

[49] Id.

[50] *Clark v. Collins,* 19 F.3d 959, 966 (5th Cir. 1994).

*Conclusion*

For the forgoing reasons, it is evident that Petitioner can not meet the requirements of *Strickland* and *Lockhart*; the findings under §924(c)(1)(A)(iii) were correct; and Petitioner faced a far worse fate than the ten year minimum had he not accepted the plea agreement. **IT IS RECOMMENDED** that Petitioner's Motion to Vacate Sentence pursuant to 28 U.S.C. §2255 be **DENIED** and **DISMISSED.**

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2255 proceedings for the United States District Courts, this court must issue or deny a certificate of appealability when

it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

Thus done and signed at Lafayette, Louisiana, this 11th day of July, 2011.

_____
Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)