UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| DAVID WILLIAM SUNDAY | CRIMINAL ACTION NO. 06-CR-60082 |
| | CIVIL ACTION NO. 10-CV-1379 |
| VERSUS | JUDGE DOHERTY |
| UNITED STATES OF AMERICA | MAGISTRATE JUDGE HANNA |

### REPORT AND RECOMMENDATION

Before this Court are two motions by David William Sunday. The first is a Petition for Federal Writ of Habeas Corpus, brought pursuant to 28 U.S.C.§2255(e)-Saving clause/20 U.S.C. §2241(c)(3). [Rec. Doc. 89]. The second is a Motion to Exclude Evidence/Testimony or Motion to Unpublish 2255(e)/2241 Proceedings or Motion to Strike 2255/2241. [Rec. Doc. 91]. The motions were referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court. For the following reasons, it is recommended that the second motion be granted, striking the first motion altogether.

*Facts and Procedural History:*

David William Sunday was indicted on November 16, 2006, for Count 1, Possession of More Than Five (5) Grams of Cocaine Base, in violation of 21 U.S.C. § 844(a); Count 2, Possession of a Firearm by Convicted Felon in violation

of 18 U.S.C. § 922(g)(1); Count 3, Use, Carrying and Brandishing of Firearm during and in Relation to Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1) (A)(iii), and related Forfeiture provisions of 18 U.S.C. § 924(d)(1). [Rec. Doc. 2]. On October 19, 2007, Sunday waived indictment and pled guilty to a Bill of Information charging him with one count of using, carrying, and brandishing a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. §924(c)(1) (A)(iii). He was sentenced to the statutory minimum of ten years of imprisonment, five years of supervised release, and a $100.00 special assessment. [Rec. Docs. 47, 50].

Sunday appealed his sentence, urging that the ten year minimum sentence for the discharge of a weapon should not be triggered by a purely accidental discharge. While the appeal was pending, the United States Supreme Court decided *Dean v. United States*, 556 U.S. 568, 129 S.Ct. 1849(2009), holding that even an accidental discharge of a weapon is sufficient to trigger the mandatory ten-year minimum sentence. 556 U.S. at 577. Thereafter, Sunday's appointed counsel filed an *Anders* brief with the Court, indicating that there were no other non-frivolous issues to raise on appeal. Sunday filed a *pro se* response to the brief, however, he subsequently filed an authorization to dismiss his appeal, and on October 14 ,2009, the motion was granted and the appeal was dismissed. [Rec.

Doc. 65].

On September 1, 2010, Sunday filed a *pro se* Motion to Vacate under 28 U.S.C. §2255. [Rec. Doc. 67]. He raised claims of ineffective assistance of counsel as to each of the three attorneys who represented him in this District Court and the Fifth Circuit Court of Appeals. He claimed that Attorneys Blanchard and Block were ineffective for failing to advise him of a potential affirmative defense to the §924(c)(1)(A)(iii) charge and for misadvising him regarding the possible penalties for a conviction under that provision. He claimed that his appellate counsel Attorney Aberle was ineffective for failing to pursue the issues on appeal. Relief was denied on September 7, 2011. [Rec. Doc. 87]. Sunday did not seek further review.

On October 2, 2013, Sunday filed the instant Motion to Vacate. [Rec. Doc. 89]. On October 10, 2013, Sunday filed the Motion to Exclude Evidence/Testimony or Motion to Unpublish 2255(c)/2241 Proceedings or Motion to Strike 2255/2241. [Rec. Doc. 91]. On February 20, 2014, Sunday filed into the record a letter to the Clerk of Court regarding the two motions. [Rec. Doc. 93]. In the letter, he referenced his October 2, 2013 filing as a "2241 motion" which the Clerk had incorrectly construed as a "2255," and he referenced his prior filing of his "first 2255." He requested the proper §2241 forms for proper filing with the

custodial court in Alexandria, Louisiana. He further referenced his intent to file a motion in the proper custodial court. [Rec. Doc. 93, pp. 1-2].

Sunday did, in fact, file the intended "2241 motion" in the Alexandria Division of this Court on March 26, 2014[ *Sunday v. Ask-Carlson,* Civil Docket No. 14-cv-0668, Rec. Doc. 1], and that matter is the subject of a Report and Recommendation, issued by Magistrate Judge Kirk on June 16, 2014. [*Sunday v. Ask-Carlson,* Civil Docket No. 14-cv-0668, Rec. Doc. 2].

### *Conclusion and Recommendation*

On this record, it is apparent that Sunday's Motion to Vacate [Rec. Doc. 89] was intended by him to serve as a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, and either misfiled or misconstrued by the clerk as a second motion pursuant to §2255. It is also apparent that on receipt of the proper forms as requested from the Clerk of Court, Sunday has filed the intended motion in the custodial court in Alexandria, Louisiana in the matter captioned *Sunday v. Ask-Carlson, Civil Docket No. 14-cv-0668*. That matter has been considered by the designated magistrate judge, who has issued a Report and Recommendation, and a final judgment is pending in the Alexandria court.

In the interests of judicial economy and proper procedure, it is therefore recommended that the Motion to Exclude Evidence/Testimony or Motion to

Unpublish 2255(e)/2241 Proceedings or Motion to Strike 2255/2241[Rec. Doc. 91] be granted, and the Petition for Federal Writ of Habeas Corpus, brought pursuant to 28 U.S.C.§2255(e)-Saving clause/20 USC §2241(c)(3) [Rec. Doc. 89] be stricken, allowing Petitioner's efforts to continue in the custodial court in the matter captioned *David William Sunday v. Warden Ask-Carlson*, Docket No. 14-cv-668, Sec. P, Alexandria Division.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir.  1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. § 2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

Signed at Lafayette, Louisiana this 26th day of June, 2014.

_____
Patrick J. Hanna
United States Magistrate Judge